**Shelly Lynn MILLER, Plaintiff,**

v.

**The GOODYEAR TIRE AND RUBBER COMPANY, Defendant.**

No. 95–4008–SAC.

United States District Court, D. Kansas.

June 13, 1996.

Amy C. Bixler, Alan G. Warner, Warner, Bixler & Associates, L.L.C., Topeka, KS, Susanna van Gelder Coxe, Topeka, KS, for plaintiff.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

Shelly Lynn Miller brings this action against her employer, the Goodyear Tire and Rubber Company, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Miller claims that she was subject to a hostile work environment.[1] Miller also claims that she was otherwise discriminated against in the terms and conditions of her employment due to her gender. Miller also claims that Goodyear retaliated against her for filing a discrimination claim. Miller also asserts a common law claim of intentional infliction of emotional distress. Miller seeks compensation for lost wages, both past and future in the amount of $715,104, past and future pain and suffering in the amount of $1,000,000, punitive damages in the amount of $2,000,-000, and attorney's fees.

This case comes before the court upon Goodyear's motion for summary judgment (Dk. 50). Miller filed a response. Goodyear filed a reply. Without seeking leave of the court, Miller filed a surreply. Without seeking leave of the court, Goodyear filed a response to Miller's surreply. Without seeking leave of the court, Miller filed a response to Goodyear's response to her surreply.

In its motion for summary judgment,[2] Goodyear sets forth sixty-three separate paragraphs of uncontroverted facts. Miller responds, controverting several of Goodyear's uncontroverted facts, and then sets forth forty-six paragraphs of facts which she contends demonstrates the existence of a genuine issue of material fact precluding summary judgment.

---

1. Miller contends that while employed at Goodyear and in the presence of management personnel, she was subjected on a daily basis to sexual jokes and conduct. According to Miller, male coworkers would frequently grab their crotch or expose their genitalia in her presence. In her response brief, plaintiff indicates that "[m]ale employees would hang their private parts out on the floor of Defendant's distribution center."

2. Goodyear did not move for summary judgment on Miller's intentional infliction of emotional distress claim until its reply brief. Such a procedure is inappropriate. Goodyear's request for summary judgment on Miller's intentional infliction of emotional distress claim is denied on procedural grounds alone.

The court, having carefully considered the briefs and materials submitted, concludes that a genuine issue of material fact precludes summary judgment on each of Miller's sex discrimination claims. To discuss each of the points raised by the parties in a written memorandum and order would require the court to invest considerable time and effort. Whether such an undertaking is worth a week of the court's time—particularly when in large part no new legal principles would be explored or discussed—is doubtful. This is particularly true in light of the court's conclusion that a genuine issue of material fact precludes summary judgment. Rather than slogging through each of the points raised by the parties, the court simply denies Goodyear's motion for summary judgment.

The court will, however, briefly address the following points raised by Goodyear. In regard to her hostile work environment claim, the court is satisfied that Miller exhausted her administrative remedies and that the EEOC charge encompassed such a claim. *See Guliford v. Beech Aircraft Corp.*, 768 F.Supp. 313, 316 (D.Kan.1991), *aff'd*, 993 F.2d 1551 (10th Cir.1993) (Table). The court is also satisfied a reasonable factfinder could conclude that Miller subjectively believed the work environment hostile.

As to her disparate treatment claim, a rational factfinder could conclude that she was discriminated against on the basis of her gender. Similarly, the court finds that a rational factfinder could conclude that Goodyear retaliated against Miller following her complaints of discrimination.

### Settlement

In every case, the court encourages the parties to resolve their disputes upon mutually agreeable terms. Having reviewed the materials submitted regarding Goodyear's motion for summary judgment, the court believes that settlement is an option that the parties should seriously explore. In considering a possible settlement of this case, the court believes that each party should carefully evaluate the strengths and weaknesses of their respective claims and defenses and consider those in balancing the costs and benefits of litigation.

IT IS THEREFORE ORDERED that Goodyear's motion for summary judgment (Dk. 50) is denied.